UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JENAY BIGNAR, et al.                                          CIVIL ACTION

VERSUS                                                        NO: 17-1571

SENTRY SELECT INSURANCE CO., et al.                           SECTION: A (1)

## ORDER

Before the Court is a **Motion to Remand to State Court (Rec. Doc. 7)** filed by Plaintiffs. Defendant CTB Transportation, Inc. opposes the Motion. (Rec Docs. 8). Defendants Sentry Select Insurance Company and Progressive Paloverde Insurance Company join CTB's opposition. (Rec. Docs. 9, 10). The Motion, set for submission on May 3, 2017, is before the Court on the briefs without oral argument.

**I.  Background**

On January 11, 2017, Plaintiffs, Jenay Bignar, Alexandra Faciane and Taylor Erdely, filed suit in the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana, against Sentry Select Insurance Company, CTB Transportation, Inc., Isidro Montalvo, Contender Truck Lines and Progressive Paloverde Insurance Company seeking damages for injuries sustained as a result of an automobile collision that occurred on February 7, 2016. On February 24, 2017, Defendants Sentry Select Insurance Company and CTB Transportation, Inc. filed a Notice of Removal, removing the matter from the 21st JDC to this Court based on diversity jurisdiction. (Rec. Doc. 1). Plaintiffs now seek remand of this matter, arguing that the removal was procedurally defective. (Rec. Doc. 7).

**II.  Analysis**

Plaintiffs seek remand of this matter to state court arguing that Defendants' removal to this Court was improper because Isidro Montalvo and Contender Truck Lines had been properly served

1

but did not join in the removal or timely file a written consent to the removal. (Rec. Doc. 7). Defendants argue that removal was proper because at the time of the removal, Defendants Isidro Montalvo and Contender Truck Lines had not been properly joined and served under Louisiana's Long-Arm statute. (Rec. Doc. 8).

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of the defendant being served or otherwise receiving the copy of the first pleading which is removable. When there are multiple defendants and pursuant to a 2011 statutory amendment adopting the last-served rule, § 1446(b) states that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." 28 U.S.C. § 1446(b). Additionally, the rule of unanimity states that "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). All served defendants must join in the petition for removal by providing "some timely filed written indication" of consent on which the court could "bind the allegedly consenting defendant." *Id.* at 1262-63. If consent of all served defendants is not timely obtained, the removal is procedurally defective and remand of the matter is warranted. *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992).

Plaintiffs assert that removal was improper because at the time of removal, Defendants Isidro Montalvo and Contender Truck Line were served properly under Louisiana's Long-Arm statute because Plaintiffs mailed both Defendants through certified mail.[1] Thus, Plaintiffs assert that Montalvo and Contender Truck Line were required either to join in the removal or consent to the removal. Defendants argue that the concurrence of Montalvo and Contender Truck Line was

---

[1] In a suit under R.S. 13:3201, a certified copy of the citation … and of the petition … shall be sent by counsel for the plaintiff … to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state…" LSA-R.S. 13:3204.

2

not required because the rule of unanimity is only triggered when an affidavit of service is filed, arguing that the filing of an affidavit of service is a procedural requirement under Louisiana's Long-Arm statute. Defendants base their argument on LSA-R.S. 13:3205, which states that:

> No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who either:
> (1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant; or
> (2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier's confirmation of delivery; or
> (3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery. LSA-R.S. § 13:3205.

The United States District Court for the Western District of Louisiana has found "that 13:3205 is not applicable to the validity of service of process." *Kroger Co. v. Door Control Services, Inc.*, 2012 WL 4891560, at *5 (W.D. La. 2012). In contrast, the Western District of Louisiana has also found that "for purposes of satisfying the rule of unanimity … the non-removing defendants are not required to consent to or join the removal petition until proof of service is filed in the record." *Cooper v. Sentry Select Ins. Co.*, 2008 WL 4610235, at *2 (W.D. La. 2008). The United States District Court for the Middle District of Louisiana has noted that there are "ambiguities in the controlling law," which should be resolved in favor of plaintiff such that "that service of process under LSA–R.S. § 13:3205 can be completed before the affidavit is filed." *Babin v. Isaman*, 2009 WL 3672901, at *5 (M.D. La. 2009).

Although this issue remains unresolved, Courts in the United States District Court for the Eastern District of Louisiana have consistently found that, for purposes of unanimity in removal, service is complete when a plaintiff complies with § 13:3204, which only requires that counsel for

3

plaintiff send a certified copy of the citation and petition to the defendant by registered or certified mail. *Alford v. Chevron U.S.A. Inc.*, 2014 WL 37600, at *4 (E.D. La. 2014) (J. Vance) (See also *Richoux v. CSR Ltd.*, 2008 WL 576242, at *5 (E.D. La. 2008) (J. Berrigan); and *Matt v. Culpepper*, 2014 WL 581 6930, at *3 (E.D. La. 2014) (J. Fallon)). Courts have found that "[t]his is the better interpretation of the Louisiana Long-Arm statute," because § 13:3205, which requires the filing of an affidavit, specifically refers to default judgments, and hearings on a contradictory motion, rule to show cause, or other summary proceeding. *Id.* at *5.

Given the wording of § 13:3205 and this Circuit's position that "any ambiguities of state law must be resolved in favor of remand," this Court is persuaded by the majority of Courts in this District and finds that, for purposes of unanimity in removal, service is complete when a plaintiff complies with § 13:3204. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). Because Plaintiffs' counsel mailed a certified copy of the citation and petition to Defendants Isidro Montalvo and Contender Truck Lines via certified mail on February 2, 2017, before Defendants filed their notice of removal, Defendants Isidro Montalvo and Contender Truck Lines were required to join in the removal or timely consent to the removal. Thus, removal was procedurally defective and remand is warranted.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand to State Court (Rec. Doc. 7)** filed by Plaintiffs is **GRANTED**. This matter is hereby remanded to the state court from which it was removed.

New Orleans, Louisiana this 7th day of July 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE